# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NGL ENERGY PARTNERS, LP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-297-TCK-FHM |
| | ) | |
| BLITZ ENERGY SERVICES, LLC; | ) | |
| UMB BANK, N.A. *d/b/a* UMB CAPITAL | ) | |
| FINANCE, AS SUCCESSOR IN | ) | |
| INTEREST TO MARQUETTE | ) | |
| TRANSPORTATION FINANCE, LLC; | ) | |
| DALEY'S SUPERIOR ASPHALT | ) | |
| MANUFACTURING, INC.; and | ) | |
| UNITED STATES OF AMERICA *ex rel.* | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR INTERPLEADER

Petitioner NGL Energy Partners, LP ("NGL"), for its Amended Complaint for Interpleader, states:

1. NGL is a Delaware master limited partnership that maintains its principal place of business in Tulsa County, Oklahoma.

2. Blitz Energy Services, LLC ("Blitz") is a Texas limited liability company that maintains its principal place of business in Midland County, Texas.

3. NGL is a full-service company in the midstream energy sector that serves customers at various points along the crude oil and natural liquids supply chain and also provides water treatment services and sells propane products.

4. Blitz has performed work for NGL, including construction work and field maintenance.

5. After paying to Marquette Transportation Finance, LLC ("Marquette") $1,940,924.39 pursuant to this Court's Order entered herein on February 3, 2020 (the "Order"), the balance of the Possible Gross Amount (as defined in the Order) is $1,040,221.59 (hereinafter referred to as the "Net Possible Gross Amount").[1]

6. Marquette claims that it is entitled to all of the Net Possible Gross Amount.

7. Defendant Daley's Superior Asphalt claims that it is entitled to $156,283.58 of the Net Possible Gross Amount.

8. Defendant Internal Revenue Service claims that it is entitled to all of the Net Possible Gross Amount.

9. NGL estimates that the cost that it has incurred or will incur as a result of Blitz's defective and/or incomplete work is approximately $750,563.76.

10. After allowing NGL an offset for the cost it has incurred or will incur as a result of Blitz's defective and/or incomplete work and for NGL's litigation expenses, NGL wishes to pay the Net Possible Gross Amount to the rightful legal owner and not be exposed to multiple and conflicting liabilities.

11. The parties herein claim the right to a portion or all of the Net Possible Gross Amount and each should appear herein and be required to set up in this action any interest claimed in and to the Net Possible Gross Amount or be forever barred from claiming any right in and to the Net Possible Gross Amount.

12. NGL, who has not unreasonably delayed filing this action, requests that the Court (1) find that NGL has no underperformed obligations and no liability to the Defendants in

---

[1] This amount includes (and does not deduct) the $56,314.44 amount that NGL paid to Borsheim Crane Service, LLC as set forth in NGL's Response to Marquette's Motion for Summary Judgment (ECF 48).

connection with the Net Possible Gross Amount; (2) discharge NGL from this action after awarding it reasonable and necessary attorney's fees and costs against the Net Possible Gross Amount; and (3) waive statutory poundage on the monies interpled.

WHEREFORE, Petitioner NGL Energy Partners, LP respectfully requests that, pursuant to OKLA. STAT. tit. 12, § 2022, this Court: (1) order NGL to pay (after allowing NGL an offset for the cost it has incurred or will incur as a result of Blitz's defective and/or incomplete work and for NGL's litigation expenses) the Net Possible Gross Amount to the rightful legal owner; (2) find that NGL has no underperformed obligations and no liability to the Defendants in connection with the Net Possible Gross Amount; (3) order the Defendants to appear herein to set up any claim in and to the Net Possible Gross Amount; (4) waive statutory poundage on the monies interpled (if not paid directly to a party or third-party); and (5) discharge NGL from this action after awarding it reasonable and necessary attorney's fees and costs against the interpled funds.

Respectfully submitted,

By: /s/ Dylan T. Duren
Tracy W. Robinett, OBA No. 13114
Dylan T. Duren, OBA No. 31837
ROBINETT, SWARTZ & AYCOCK
624 S. Boston Ave., Suite 900
Tulsa, Oklahoma 74119
(918) 592-3699
(918) 592-0963 (*facsimile*)

*Attorneys for Petitioner NGL Energy Partners, LP*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of February 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

William H. Hoch, III
Elliot P. Anderson
Jordan Sessler
Margaret M. Sine
*Counsel for Harold Kessler, Court-Appointed*
*Receiver for Blitz Energy Services, LLC*

David C. Schulte
Robert W. Jones
Shannon F. Davies
Courtney D. Powell
*Counsel for UMB Bank, N.A.*

Gregory L. Mokodean
*Counsel for United States*

                                                           /s/ Dylan T. Duren
                                                           Dylan T. Duren